## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EDDIE SHIELDS,                          )
                                        )
                    Plaintiff,          )
                                        )
       vs.                              )          Case No. 21-1057-HLT-KGG
                                        )
TEXTRON AVIATION, INC.,                 )
                                        )
                    Defendant.          )
_____)

## MEMORANDUM & ORDER
## DENYING MOTION TO APPOINT COUNSEL

In conjunction with his federal court Complaint (Doc. 1) alleging disability discrimination and retaliation, which he filed *pro se* (Doc. 1), Plaintiff Eddie Shields has filed a Motion to Appoint Counsel.  (Doc. 3.)  After review of Plaintiff's motion, as well as his Complaint and attachments thereto, the Court **DENIES** the request for counsel.

As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one.  ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003); ***Carper v. DeLand***, 54 F.3d 613, 616 (10th Cir. 1995); ***Durre v. Dempsey***, 869 F.2d 543, 547 (10th Cir. 1989).  In civil

cases, the decision to appoint counsel lies within the discretion of the District Court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation omitted). It is insufficient justification for Plaintiff to merely show "that having counsel appointed would have assisted [him] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of
volunteer counsel to undeserving claims will waste a precious resource and may
discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

As for the first factor, the Court notes that Plaintiff has not submitted the
requisite financial affidavit which would allow the Court to determine if he is
financially able to afford counsel.  The Court notes that Plaintiff did not request a
waiver of the filing fee due to his financial situation, but rather paid the filing fee
in full.  (February 26, 2021, text entry.)  On the other hand, Plaintiff indicates he is
on Social Security Disability, which would infer that he is under some financial
strain.  Plaintiff's ability to afford counsel, by itself, is not determinative of
Plaintiff's motion, however, so the Court will not require him to submit the
standard financial affidavit.  For the purposes of this motion, the Court will assume
that Plaintiff's financial situation would weigh in favor of appointing counsel.

The second factor is Plaintiff's diligence in searching for counsel.  Plaintiff's
motion lists four attorneys that he has contacted regarding representation.  The
form motion clearly indicates, however, that he is required to "<u>confer with</u> (not
merely contact) at least five attorneys regarding legal representation."  (Doc. 3, at 2
(emphasis in original).)  He also indicates that he "forgot the other people['s]
names that [he has] contacted in the past."  (*Id.*, at 3.)  Although Plaintiff has not
technically complied with the requirements of the form motion, the Court finds

3

that, for purposes of this motion, he has been diligent, albeit unsuccessful, in attempting to secure legal representation.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. For purposes of this motion, the Court has no immediate concerns with the facial viability of Plaintiff's claims. The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf*. *Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. As stated above, although Plaintiff is not trained as an attorney, and while an attorney might present

this case more effectively, this fact alone does not warrant appointment of counsel.

As such, the Motion to Appoint Counsel (Doc. 3) is **DENIED**.


      IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of

Counsel (Doc. 3) is **DENIED**.

      **IT IS SO ORDERED**.

      Dated at Wichita, Kansas, on this 4th day of March, 2021.

s/ KENNETH G. GALE

KENNETH G. GALE

United States Magistrate Judge
